IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FIDELITY & DEPOSIT COMPANY
OF MARYLAND**, a Maryland corporation,

      Plaintiff,

vs.   No. **CIV 04-445 MCA/RHS**

**INCA CONSTRUCTION COMPANY, INC.**,
a New Mexico Corporation,
**STEVE A. DEYAPP**, and
**REBECCA R. DEYAPP**,
husband and wife,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff Fidelity & Deposit Company of Maryland's Motion for Summary Judgment on Count One of Plaintiff's Complaint* [Doc. No. 16] filed on August 13, 2004. Having reviewed the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion in part and denies the motion in part for the reasons set forth below. It follows that Plaintiff is entitled to partial summary judgment on Count One of the *Complaint* in the amount of $360,000.00 pursuant to its Agreement of Indemnity with Defendants. The Court defers ruling on the total amount of additional expenses to which Plaintiff may be entitled under the agreement.

**I.     BACKGROUND**

On April 21, 2004, Plaintiff filed this civil action seeking damages, costs, and expenses caused by Defendants' alleged breach of an Agreement of Indemnity dated February 16, 1998, which is attached to Plaintiff's *Complaint* [Doc. No. 1] as Exhibit A. There is no dispute that the parties entered into this agreement on that date. The following facts also are not disputed in the parties' pleadings and motion papers.

The Agreement of Indemnity provides, in relevant part, that:

> The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement, or (3) In enforcing any of the covenants and conditions of this Agreement.

[Ex. A to Doc. No. 1.] In consideration for these indemnification provisions, Plaintiff agreed to act as the Surety and, pursuant to that agreement, executed a surety Payment Bond in the amount of $2,500,000.00, relating to a United States Bureau of Reclamation Navajo Indian Irrigation Project.

On May 12, 2003, Lacy Steel Company, Inc. filed a civil action against Plaintiff arising from Defendant Inca Construction Company's failure to pay for certain materials associated with the project. On or about September 16, 2003, Plaintiff paid the sum of $260,000.00 to Lacy Steel Company in settlement of its claims against the Payment Bond issued by Plaintiff.

2

On or about February 12, 2002, McDade Woodcock, Inc. filed a claim against the Payment Bond due to Defendant Inca Construction Company's failure to pay for certain materials and labor associated with the project. On September 8, 2003, Plaintiff paid the sum of $100,000.00 to McDade Woodcock in settlement of its claims against the Payment Bond issued by Plaintiff.

Thus, Plaintiff has paid claims in the amount of $360,000.00 by reason of having issued the Payment Bond for Defendant Inca Construction Company. Plaintiff also has incurred other expenses covered by the indemnification provisions of the agreement cited above. These expenses include attorney fees and litigation costs which continue to accrue.

On August 13, 2004, Plaintiff moved for partial summary judgment on Count One of its *Complaint*. Plaintiff's motion asserts that in light of the undisputed facts recited above, it follows as a matter of law that Defendants are in breach of the Agreement of Indemnity and that this breach has caused Plaintiff's damages in the amount of $360,000.00 plus the additional expenses that continue to accrue.

In a response brief filed on September 7, 2004, Defendants asserted that Plaintiff's motion was premature because it was filed prior to the expiration of the discovery deadlines set forth in the *Initial Pretrial Report* [Doc. No. 18], and there remained two issues on which Defendants wished to pursue discovery. These issues are whether the amounts paid by Plaintiff in settling the claims against the Payment Bond were proper and justified, and whether the litigation expenses claimed by Plaintiff are reasonable and necessary. Based on its asserted need for discovery on these issues, Defendants requested that the Court either

deny Plaintiff's motion or defer ruling until twelve (12) days after the close of discovery, or until November 22, 2004, in order to afford Defendants an opportunity to supplement their response.

Discovery has now closed in this matter, and the additional twelve-day period requested by Defendants has also passed. Defendants, however, have not supplemented their response or requested leave to do so as of this date.

## II.    ANALYSIS

The Court may enter summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir.1995) (quoting Fed. R. Civ. P. 56(c)). A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. See id. at 248.

When, as here, the movant is also the party bearing the burden of persuasion with regard to the claim on which a summary judgment is sought, the movant must show that the record as a whole satisfies each essential element of its case and negates any affirmative defenses in such a way that no rational trier of fact could find for the non-moving party. See 19 Solid Waste Dep't Mechanics v. City of Albuquerque, 156 F.3d 1068, 1071 (10th Cir.

1998); Newell v. Oxford Mgmt., Inc., 912 F.2d 793, 795 (5th Cir. 1990); United Missouri Bank of Kansas City, N.A. v. Gagel, 815 F. Supp. 387, 391 (D. Kan. 1993). The admissions in a party's answer to a complaint are binding for purposes of determining whether the movant has made such a showing. See Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1314-15 (8th Cir. 1990). Similarly, the Court may consider any undisputed material facts set forth in the motion papers which are deemed admitted by operation of D.N.M. LR-Civ.56.1. See LaMure v. Mut. Life Ins. Co. of N.Y., 106 F.3d 413, 1997 WL 10961, at *1 (10th Cir. 1997) (unpublished disposition); Smith v. E.N.M. Med. Ctr., 72 F.3d 138, 1995 WL 749712, at *4 (10th Cir. 1995) (unpublished disposition); Waldridge v. American Hoechst Corp., 24 F.3d 918, 920-24 (7th Cir.1994) (approving use of local rule similar to D.N.M. LR-Civ. 56.1(b)).

Apart from these limitations, it is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the admissible evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all admissible evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

Applying the above standards, it is clear that Plaintiff is entitled to partial summary judgment in the amount of $360,000.00 on Count One of the *Complaint* based on the undisputed material facts in the record and the plain language of the Agreement of Indemnity. The parties do not contest the validity of this agreement, and the amounts

Plaintiff paid to Lacy Steel Company and McDade Woodcock fall under the indemnification provisions of the agreement because they were incurred "[b]y reason of having executed or procured the execution of the Bonds." [Ex. A to Doc. No. 1.] Defendants have failed to raise a disputed issue of material fact concerning whether these payments were proper or justified, despite being given the opportunity do so as requested in their response brief. Therefore, Plaintiff's motion is granted in part with respect to the $360,000.00 incurred by reason of having executed or procured the execution of the Payment Bond.

Based on the undisputed material facts and the plain language of the Agreement of Indemnity, it is also clear that Plaintiff is entitled to partial summary judgment with respect to other "expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees)" that were incurred by reason of Defendants' failure to perform or comply with the conditions of the agreement or in enforcing these conditions. Such expenses would include Plaintiff's attorney fees and litigation expenses associated with Count One of the *Complaint*.

Perhaps as a result of a typographical error or the continuing nature of these expenses, there is a discrepancy in Plaintiff's motion papers with respect to their total amount. At the top of the second page of Plaintiff's *Memorandum Brief*, these expenses are said to total "$4,040.08 . . . with fees and costs continuing to accrue," while Paragraph 8 on the third page refers to "$311,202.33." [Doc. No. 17.] The affidavit of Ms. Kalanzi refers to an amount totaling "$11,202.33," but also notes that "expenses continue to accrue." [Ex. 1 to Doc. No. 17.] Ms. Kalanzi's affidavit is conclusory in nature, and there is no supporting

documentation, such as attorney billing records, by which the Court could reconcile these figures or determine what, if any, additional expenses have accrued as of this date. Thus, the Court concludes that Plaintiff has not met its burden with respect to proving the total amount of expenses (above and beyond the $360,000.00 payments noted above) on which it is entitled to partial summary judgment. For this reason, the Court denies Plaintiff's motion in part with respect to determining the total amount of expenses associated with Count One of the *Complaint*.

Finally, the Court notes that a settlement conference is scheduled in this matter on December 13, 2004. [Doc. No. 25.] In the event that the parties are unable to resolve any remaining disputes regarding the total amount of attorney fees and other expenses to which Plaintiff is entitled pursuant to Count One of the *Complaint*, or the merits of the other counts in Plaintiff's *Complaint*, they are directed to so advise the Court in writing by no later than December 27, 2004, so that additional case-management deadlines and procedures, if necessary, can be implemented for adjudicating such issues. All deadlines stated in the *Initial Pretrial Report* [Doc. No. 18] remain in effect.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted in part with respect to the $360,000.00 incurred by reason of having executed or procured the execution of the Payment Bond, and denied in part with respect to determining the total amount of expenses (above and beyond the $360,000.00 payments noted above) on which Plaintiff is entitled to partial summary judgment.

**IT IS, THEREFORE, ORDERED** that *Plaintiff Fidelity & Deposit Company of Maryland's Motion for Summary Judgment on Count One of Plaintiff's Complaint* [Doc. No. 16] is **GRANTED IN PART** and **DENIED IN PART** under the conditions specified above.

**SO ORDERED**, this 2nd day of December, 2004, in Albuquerque, New Mexico.

                                                                                            **M. CHRISTINA ARMIJO**
                                                                                            United States District Judge